No. 3–09–0417

(consolidated with No. 3-09-0521)

Filed September 9, 2010

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| MAGGIE YUNKER and KEITH YUNKER, | ) | Appeal from the Circuit Court |
| | ) | for the 12th Judicial Circuit, |
| Plaintiffs-Appellants and Cross-Appellees, | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 08–MR–554 |
| | ) | |
| FARMERS AUTOMOBILE MANAGEMENT | ) | |
| CORPORATION., d/b/a Pekin Insurance | ) | |
| Company, an Illinois Corporation, | ) | Honorable |
| | ) | Barbara Petrungaro, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiffs and cross-appellees Maggie Yunker and Keith Yunker filed this action against defendant and cross-appellant Farmers Automobile Management Corp., d/b/a Pekin Insurance Co., seeking a declaration of coverage for injuries Maggie sustained in an August 2006 automobile accident. The trial court granted Pekin's motion for summary judgment, finding that the policy at issue had expired at the time of Maggie's accident due to nonpayment of the renewal premium. The Yunkers appealed the grant of summary judgment. Pekin thereafter filed a motion for sanctions, which the trial court denied. Pekin followed with a cross-appeal regarding the denial of its motion for sanctions. We affirm both the grant of summary judgment and the denial of sanctions.

FACTS

Plaintiffs and cross-appellees Maggie Yunker and Keith Yunker sought a declaration from the

trial court that defendant and cross-appellant Pekin Insurance Co. was required to cover expenses relating to injuries Maggie received in an August 2006 automobile accident. Pekin had issued a business automobile policy to Keith, d/b/a Gallagher & Yunker Construction. The policy at issue had a policy period that expired on July 20, 2006.

The policy included the following terms. Condition N, entitled "Extended Renewal Premium Payment Period," stated:

> "If we elect to continue this insurance, we will renew this policy if you pay the required renewal premium for each successive policy period, subject to our premiums, rules and forms then in effect. All renewal premiums are due and payable on or before 12:01 A.M. (Standard Time) on the first day of each policy period. If the premium is received at the Home Office in Pekin, Illinois, or by an authorized representative of the Company on or before the 20th day following the first day of each policy period, the policy shall remain in full force. If the premium is not paid when due or within the 20 day extended period, then coverage under the policy shall cease at 12:01 A.M. (Standard Time) on the 1st day of each policy period."

An endorsement, "ILLINOIS CHANGES – CANCELLATION AND NONRENEWAL" provided:

> "A. The CANCELLING THIS POLICY DURING THE POLICY PERIOD COMMON POLICY CONDITION is replaced by the following:

2

CANCELLATION

\*\*\*

b. When this policy is in effect 61 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons by mailing you written notice of cancellation stating the reasons for cancellation.

(1) Nonpayment of premium

\* \* \*

c. If we cancel for nonpayment of premium, we will mail you at least 10 days written notice.

\* \* \*

The following is added and supersedes any provision to the contrary:

NONRENEWAL

If we decide not to renew or continue this policy, we will mail you, your agent or broker and the loss payee written notice, stating the reason for nonrenewal, at least 60 days before the end of the policy period. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer."

On June 14, 2006, Pekin sent a notice of premium due to Keith. The notice included, set out

3

in a box of text:

"THIS IS THE ONLY NOTICE YOU WILL RECEIVE PRIOR TO THE DATE PREMIUM IS DUE[.] YOUR POLICY WILL EXPIRE IF PREMIUM IS NOT RECEIVED BY THE DUE DATE."

Keith failed to pay the premium on or before July 20, 2006. On August 7, Maggie was involved in an accident while a passenger in a car driven by Andre Loring. Maggie and the other passengers reached a settlement with Loring's insurance company; however, their medical expenses exhausted the limits of his policy. On August 11, 2006, Pekin sent a notice of policy termination to Keith, confirming that the last day of the policy was July 20, 2006, and explaining that the policy was terminated for "EXPIRATION." The notice set forth:

"THIS POLICY HAS BEEN TERMINATED SINCE FULL PAYMENT WAS NOT RECEIVED. ALTHOUGH YOU WILL EXPERIENCE A LAPSE IN COVERAGE, REINSTATEMENT IS POSSIBLE. TO REINSTATE THIS POLICY, WE MUST RECEIVE $489.00 WHICH INCLUDES A $10.00 REINSTATEMENT FEE, ON OR BEFORE 09/03/06. THIS POLICY WILL BE REINSTATED EFFECTIVE THE DATE PAYMENT IS RECEIVED BY US."

Keith submitted payment to Pekin on August 18, 2006. The receipt stated, "This policy is currently cancelled." The Yunkers submitted a claim for Maggie's injuries and Pekin thereafter denied coverage. The Yunkers brought the instant declaratory judgment action on May 20, 2008.

4

On June 25, 2008, counsel for Pekin wrote to Yunker's attorney warning that the theory of recovery the Yunkers were pursuing was legally unsound. The letter further informed that if the Yunkers persisted in pursuing the action, Pekin would seek sanctions pursuant to Illinois Supreme Court Rule 137. 155 Ill. 2d. R. 137. The letter cited as controlling precedent the decisions in *Shiaras v. Chupp*, 61 Ill. 2d 164, 334 N.E.2d 129 (1975), and *Librizzi v. State Farm Fire & Casualty Co.*, 236 Ill. App. 3d 582, 603 N.E.2d 821 (1992). Pekin's counsel sent a similar letter on July 7, 2008, informing the Yunkers of its intent to seek attorney fees and costs at the conclusion of the proceedings. Counsel for the Yunkers did not respond to either letter. On July 8, 2008, Pekin filed a notice of intent to seek to recover attorney fees. The notice stated that Pekin would seek to recover attorney fees and costs pursuant to Rule 137 based on the Yunkers' filing of a pleading "which has no meritorious basis in either law or in fact."

The Yunkers filed an amended complaint for declaratory judgment on November 10, 2008, in which they abandoned their argument that Pekin failed to comply with the notice of cancellation requirements of the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 2006)), arguing instead that the termination violated the policy language. Pekin filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure. 735 ILCS 5/2-615 (West 2006). At a hearing on Pekin's motion, the trial court noted that the motion to dismiss more closely resembled a motion for summary judgment. Pursuant to the court's directives, Pekin agreed that it would file an answer to the Yunkers' complaint and a motion to convert its section 2-615 motion to dismiss to a summary judgment motion. The parties also agreed no additional argument was required and that the trial court could issue a ruling on the summary judgment motion by mail.

On May 18, 2008, the trial court issued an order determining that the August 11, 2006, notice

of termination sent by Pekin was not a cancellation of coverage and thus the Insurance Code's provisions on enhanced notice requirements for policy cancellation were not implicated; that the "Extended Renewal Premium Payment Period" language in Pekin's policy was not ambiguous; and that Pekin had no duty or obligation to cover Maggie's injuries. The trial court granted Pekin's summary judgment motion. On May 19, 2008, Pekin suggested a settlement compromise with the Yunkers to avoid Pekin filing its Rule 137 sanctions motion. In response, the Yunkers filed a notice of appeal on May 22, 2009, challenging the grant of summary judgment. In its June 5, 2009, docketing statement filed with this court, the Yunkers indicated appellate jurisdiction was pursuant to Supreme Court Rule 301.

On June 9, 2009, Pekin filed a motion for Rule 137 sanctions in the trial court. A hearing ensued on June 17, 2009, at which time Pekin's motion was denied. Pekin followed by filing a notice of appeal on July 30, 2009, challenging the denial of its sanctions motion. On July 31, Pekin filed in this court a motion to dismiss the Yunkers' appeal for lack of jurisdiction, arguing that the summary judgment order was not final and appealable due to Pekin's postjudgment motion for sanctions and the order's lack of Supreme Court Rule 304(a) language. 210 Ill. 2d R. 304(a). The Yunkers requested and were given leave by this court to reclassify their notice of appeal as a cross-appeal, citing Supreme Court Rule 303(d). Official Reports Advance Sheet No. 15 (July 16, 2008) R. 303, eff. May 30, 2008.

ANALYSIS

There are three issues for our determination: whether the trial court erred when it granted summary judgment in favor of Pekin, whether the trial court erred when it denied Pekin's motion for Rule 137 sanctions and whether this court has jurisdiction over the appeal.

We begin with the jurisdictional issue. Pekin argues that this court lacks jurisdiction because the Yunkers filed their notice of appeal prior to Pekin filing a postjudgment motion for sanctions in the trial court. It points to the lack of Rule 304(a) language in the summary judgment order as evidence that the May 18, 2009, order was not final and appealable.

An appeal may generally only be taken from final orders which dispose of every claim, that is " 'any right, liability or matter raised in an action.' " *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339, 757 N.E.2d 875, 877 (2001), quoting *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465, 563 N.E.2d 459, 463 (1990). Rule 304(a) language is required when a party seeks to appeal an order that is final as to one or more but not all the claims. 210 Ill. 2d R. 304(a); *Peter Fischer Imports Motor, Inc. v. Buckley*, 121 Ill. App. 3d 906, 909, 460 N.E.2d 346, 349 (1984). Motions for Rule 137 sanctions are claims in the cause of action with which they are connected. *John G. Phillips*, 197 Ill. 2d at 339, 757 N.E.2d at 877. A Rule 137 motion for sanctions may be filed at any time within 30 days of the entry of final judgment. 155 Ill. 2d R. 137. Whether a court has jurisdiction is a question of law which this court reviews *de novo*. *John G. Phillips*, 197 Ill. 2d at 339, 757 N.E.2d at 877.

Supreme Court Rule 303(a)(2) provides that when a postjudgment motion has been timely filed by any party, a notice of appeal filed before the entry of an order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of the pending claim or motion is entered. Official Reports Advance Sheet No. 15 (July 16, 2008) R. 303, eff. May 30, 2008. The rule was amended in 2007 to protect the rights of appellants who filed a premature notice of appeal. Official Reports Advance Sheet No. 15 (July 16, 2008) R. 303, eff. May 30, 2008, Committee Comments.

Under the circumstances at bar, although the Yunkers' May 22, 2009, notice of appeal was premature due to Pekin's June 9, 2007, motion for sanctions, pursuant to Rule 303(a)(2), the notice is deemed effective on June 17, 2009, when the trial court denied the motion. Because the Yunkers were not appealing the results of the June 17 ruling, they were not required to file an amended notice of appeal. Because the Yunkers' notice of appeal was timely, we hold that this court has jurisdiction.

We next determine whether the trial court's grant of summary judgment in favor of Pekin was in error. The Yunkers argue that the trial court should not have granted summary judgment in favor of Pekin. They contend that Pekin failed to give them the 10-day notice of cancellation as required by the policy language and to inform them of the policy's grace period. They also contend that the accident occurred during the grace period which afforded them coverage. They claim that the policy language is ambiguous as to the renewal/automatic termination provision and therefore must be construed in their favor.

Summary judgment is appropriate where, construing the pleadings, depositions, admissions and affidavits strictly against the movant and liberally for the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (c) (West 2006); *Kujbida v. Horizon Insurance Agency, Inc.*, 260 Ill. App. 3d 1001, 1003, 632 N.E.2d 151, 153 (1994). A court's primary objective in construing the terms of an insurance policy is to ascertain and give effect to the parties' intentions as set forth in the agreement. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479, 687 N.E.2d 72, 75 (1997). If the terms are clear and unambiguous, they will be given their plain and ordinary meaning. *Koloms*, 177 Ill. 2d at 479, 687 N.E.2d at 75. If they are ambiguous in that they are susceptible to more than one meaning, the terms will be construed strictly against the insurer. *Koloms*, 177 Ill. 2d at 479, 687 N.E.2d at 75. In

8

deciding whether a policy's terms are ambiguous, the court looks at what a reasonable person in the insured's position would understand them to mean. *Aurelius v. State Farm Fire & Casualty Co.*, 384 Ill. App. 3d 969, 973, 894 N.E.2d 765, 769 (2008). This court reviews a trial court's grant of summary judgment and its interpretation of an insurance policy *de novo*. *Pekin Insurance Co. v. Miller*, 367 Ill. App. 3d 263, 265, 854 N.E.2d 693, 696 (2006).

Insurance companies are held to a strict standard regarding termination and forfeiture of insurance contracts for nonpayment of a premium. *Conley v. Ratayzcak*, 92 Ill. App. 3d 29, 34-35, 414 N.E.2d 500, 504 (1980). An insurer is held to two standards when cancelling a policy. *Horan & Co. v. Republic Insurance Group*, 175 Ill. App. 3d 735, 737, 530 N.E.2d 275, 276 (1988). The insurer must comply with the terms in its policy and the notice provisions of the Insurance Code. *Horan & Co.*, 175 Ill. App. 3d at 737, 530 N.E.2d at 276.

The trial court and Pekin both relied on *Shiaras v. Chupp*, 61 Ill. 2d 164, 334 N.E.2d 129 (1975), to support the assertion that Pekin was not required to give 10-day notice to the Yunkers before the expiration of the policy period. In *Shiaras*, the court differentiated a policy's cancellation from its expiration, stating that " 'cancellation' refers to a unilateral termination by an insurer before the end of the policy period, while 'nonrenewal' refers to the automatic expiration of a policy at the end of the policy period." *Shiaras*, 61 Ill. 2d at 167, 334 N.E.2d at 130. The trial court and Pekin also relied on *Librizzi v. State Farm Fire & Casualty Co.*, 236 Ill. App. 3d 582, 593, 603 N.E.2d 821, 828 (1992), in which the court stated, "the cancellation provisions of the insurance code do not pertain to situations in which the policy automatically expires at the end of the policy period."

The findings in *Shiaras* and *Librizzi* parallel the language of the Insurance Code, which states:

" 'Cancellation' or 'cancelled' means the termination of a

9

policy by an insurer prior to the expiration date of the policy. A policy of automobile *** insurance which expires by its own terms on the policy expiration date unless advanced premiums are received by the insurer for succeeding policy periods shall not be considered 'cancelled' or a 'cancellation' effected by the insurer in the event such premiums are not paid on or before the policy expiration date." 215 ILCS 5/143.13(g) (West 2006).

The Code reiterates in a section entitled "Cancellation of Automobile Insurance Policy - Grounds" that "[n]othing in this Section shall apply to nonrenewal." 215 ILCS 5/143.19 (West 2006).

Here, contrary to the Yunkers' claims, the policy automatically terminated on July 20, 2006, for nonpayment of premium. The termination did not result from any action by Pekin, but rather, resulted solely from Keith's failure to timely pay the premium when due. The premium due and termination notices sent by Pekin informed the Yunkers that the policy had expired. Neither notice referenced a cancellation of the policy. While the receipt Keith received after reinstating the policy did state the policy had been cancelled, the reference has no bearing on the language of the policy or the intent of the notices the Yunkers received. Accordingly, the Yunkers' arguments that Pekin failed to comply with the notice requirements regarding cancellation as set forth in the Insurance Code and the policy are inapplicable under the circumstances at issue. Moreover, while Keith did ultimately pay the premium, he did so nine days past the grace period, resulting in an expiration of the policy ending July 20, 2006, and a reinstatement on August 18, 2006, the date of Keith's payment as per the language in the notice of termination.

Because the facts support an expiration of the policy rather than a cancellation, the Yunkers'

10

arguments regarding ambiguity in the cancellation notice and extended renewal provisions of the policy are without merit. There is no dispute that the policy's term ended July 20, 2006, with a 20-day grace period to maintain continuous coverage as indicated in the policy and notice of termination. It is also undisputed that Keith failed to pay the premium when due or within the grace period. While he did ultimately pay the premium, the result was a reinstatement of the policy that expired for nonpayment on July 20. Because Maggie's accident occurred within the lapsed period, it was not covered. As there are no genuine issues of material fact, the trial court properly granted summary judgment in favor of Pekin.

The final issue we consider is whether the trial court should have granted Pekin's motion for Rule 137 sanctions. Pekin asserts that it was appropriate to impose sanctions against the Yunkers for their insistence on maintaining the declaratory judgment action in spite of controlling authority contrary to their position. Pekin claims that, in denying its motion for sanctions, the trial court ignored that the Yunkers were apprised that their theory was untenable well before the summary judgment motion was filed and unreasonably opted to pursue the action, resulting in substantial expenditures of time and money to defend the action.

Supreme Court Rule 137 permits the trial court to impose sanctions against a party or its counsel where a motion or pleading is filed that is "not well grounded in fact, not supported by existing law, or lacks a good-faith basis for modification, reversal, or extension of the law, or is interposed for any improper purpose." *Whitmer v. Munson*, 335 Ill. App. 3d 501, 513-14, 781 N.E.2d 618, 628 (2002), citing *Peterson v. Randhava*, 313 Ill. App. 3d 1, 6-7, 729 N.E.2d 75, 79 (2000). The purpose of Rule 137 is to prevent the filing of false and frivolous lawsuits. *Peterson*, 313 Ill. App. 3d at 7, 729 N.E.2d at 79. The rule is not intended to penalize litigants and their attorneys

11

because they were zealous but unsuccessful in pursuing an action. *Peterson*, 313 Ill. App. 3d at 7, 729 N.E.2d at 80. Courts use an objective standard to determine whether the signing party made a reasonable inquiry before filing his pleadings based on the circumstances that existed at the time of filing. *Whitmer*, 335 Ill. App. 3d at 514, 781 N.E.2d at 629. This court uses an abuse of discretion standard in determining whether a trial court erred in denying a motion for sanctions. *Baker v. Daniel S. Berger, Ltd.*, 323 Ill. App. 3d 956, 963, 753 N.E.2d 463, 469 (2001).

The record does not indicate the trial court's basis for denying Pekin's motion for sanctions, but based on our consideration of the facts at the time that the Yunkers pursued their declaratory judgment action, we conclude that the trial court's refusal to impose sanctions was not an abuse of discretion. The Yunkers challenged *Shiaras* as controlling authority, distinguishing the case on differences in policy language. The Yunkers' claims put forth an unsuccessful but not unreasonable argument in favor of coverage. The facts do not support a finding that their complaint was not well-grounded in fact or existing law, lacked a good-faith basis, or was interposed for an improper purpose. Accordingly, we hold that the trial court's denial of Pekin's motion for sanctions was not an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and McDADE, J., concur.

12