# Illinois Official Reports

## Appellate Court

---

### *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B

---

| | |
|---|---|
| Appellate Court Caption | ENBRIDGE PIPELINE (ILLINOIS), LLC, n/k/a Illinois Extension Pipeline Company, LLC, Plaintiff-Appellee, v. EDWARD HOKE; SONNA H. HOKE; NONRECORD CLAIMANTS; and UNKNOWN OWNERS, Defendants (Thomas J. Pliura, Appellant).–ENBRIDGE PIPELINE (ILLINOIS), LLC, n/k/a Illinois Extension Pipeline Company, LLC, Plaintiff-Appellee, v. PMC FARMS, LLC; CHARLES MURPHY, Tenant; NONRECORD CLAIMANTS; and UNKNOWN OWNERS, Defendants (Thomas J. Pliura, Appellant). |
| District & No. | Fourth District<br>Docket Nos. 4-15-0544, 4-15-0545 cons. |
| Filed | January 28, 2019 |
| Decision Under Review | Appeal from the Circuit Court of De Witt County, Nos. 14-ED-3, 14-ED-4; the Hon. William Hugh Finson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas J. Pliura, of LeRoy, appellant *pro se*.<br><br>Gerald A. Ambrose, of Sidley Austin LLP, of Chicago, and John M. Spesia and Jacob E. Gancarczyk, of Spesia & Ayers, of Joliet, for appellee. |

| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Presiding Justice Holder White and Justice Turner concurred in the judgment and opinion. |

**OPINION**

¶ 1  In the summer of 2014, Enbridge Pipeline (Illinois), LLC, now known as the Illinois Extension Pipeline Company, LLC (IEPC), brought an easement condemnation action against (1) Edward Hoke and Sonna H. Hoke and (2) PMC Farms, LLC, and its tenant, Charles Murphy (collectively, landowners). See *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2017 IL App (4th) 150544, ¶ 2, 80 N.E.3d 807. Landowners subsequently filed traverse motions. *Id.* (A traverse motion is filed to oppose the condemnation of private property and challenges (1) the rebuttable presumption of public use and public necessity and (2) the presumption that the condemner negotiated in good-faith. See *id.* ¶ 134.) Ultimately, the trial court denied landowners' traverse motions, and landowners appealed. *Id.* ¶ 2

¶ 2  In July 2017, this court vacated the trial court's ruling and remanded the proceeding for the trial court to consider "only two matters on remand, which are landowners' claims challenging (1) the rebuttable presumptions of public use and public necessity and (2) the [Illinois Commerce] Commission's determination as to good-faith negotiations." *Id.* ¶ 134. This court retained jurisdiction to review the trial court's ruling on remand. *Id.* ¶ 146; Ill. S. Ct. R. 615(b) (eff. Jan. 1, 1967).

¶ 3  In January 2018, Thomas J. Pliura, the attorney representing landowners, filed a memorandum entitled "Evidence Landowners Seek To Present To Rebut The 'Good-Faith Negotiation' Presumption" (memorandum) in support of landowners' traverse motions. In this memorandum, Pliura argued that, based on the totality of the circumstances, IEPC did not negotiate in good faith. One of the factors that Pliura cited was that IEPC gave landowners only a 10-day time frame in which to respond to the final offer. In May 2018, after conducting a hearing on the matter, the trial court denied landowners' traverse motions.

¶ 4  Also in May 2018, IEPC filed a motion for sanctions against Pliura pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). In July 2018, the trial court sanctioned Pliura, concluding that his memorandum "was not objectively reasonable and was filed solely to harass, to cause unnecessary delay, and/or to needlessly increase the cost of litigation."

¶ 5  Pliura appeals, arguing that (1) the trial court lacked jurisdiction to sanction him, (2) IEPC's motion for sanctions was procedurally insufficient, (3) the trial court was required to conduct an evidentiary hearing before imposing sanctions, and (4) the trial court abused its discretion by sanctioning him. We disagree with Pliura and conclude that (1) the trial court had jurisdiction, (2) Pliura forfeited his argument that the motion for sanctions was procedurally insufficient, (3) Pliura forfeited his argument regarding the need for an evidentiary hearing, and (4) the trial court did not abuse its discretion by sanctioning him.

¶ 6  Also in this appeal, IEPC (1) suggests that this court should sanction Pliura pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) and (2) requests oral argument pursuant to Illinois Supreme Court Rule 352(a) (eff. July 1, 2018). We decline both IEPC's suggestion and request.

## I. BACKGROUND

### A. The First Appeal

In the summer of 2014, IEPC brought an easement condemnation action against landowners. See *Hoke*, 2017 IL App (4th) 150544, ¶ 28. Landowners subsequently filed traverse motions, arguing that IEPC's condemnation suit should be dismissed. *Id.* ¶¶ 29-31. Ultimately, the trial court denied landowners' traverse motions. *Id.* ¶ 41. Landowners appealed, arguing that the trial court erred by denying them the ability to conduct discovery. *Id.* ¶ 122. In July 2017, this court concluded that "landowners were entitled to present relevant evidence to rebut these specific presumptions and to refute the good-faith finding." *Id.* ¶ 133. This court remanded the case back to the trial court to consider "only two matters on remand, which are landowners' claims challenging (1) the rebuttable presumptions of public use and public necessity and (2) the [Illinois Commerce] Commission's determination as to good-faith negotiations." *Id.* ¶ 134. We further concluded that "[c]onsistent with the limited nature of a traverse motion as well as our limited remand, we direct the trial court to assume control of the discovery proceedings in the instant case." *Id.* ¶ 136. This court retained jurisdiction to review the trial court's ruling on remand. *Id.* ¶ 146; Ill. S. Ct. R. 615(b) (eff. Jan. 1, 1967).

### B. Pliura's Memorandum

In January 2018, Pliura filed his memorandum in support of the traverse motions in which he argued that, based on the totality of the circumstances, IEPC did not negotiate in good faith. One of these factors was "[t]he 10 day timeframe, from the date of the offers mailing, [IEPC] gave to the landowners to respond to the offers." Another factor was the "failure by [IEPC] to base their offers to the landowners on an appraisal."

In April 2018, IEPC filed a response to Pliura's memorandum in which it argued that it had negotiated in good faith. In that response, IEPC also noted that it had previously informed landowners that it had based its final offer to landowners on a professional market analysis of current property values and provided landowners a "compensation worksheet" showing how it determined the final offer. IEPC also argued that it (1) was not required to provide more than 10 days to accept the final offer and (2) Pliura's memorandum was contrary to existing law and not supported by the evidence.

In May 2018, the trial court conducted a traverse hearing. After hearing argument from both sides, the court concluded that landowners failed to rebut (1) the presumption of public use and public necessity and (2) the presumption that the condemnor negotiated in good faith. Accordingly, the trial court denied landowners' traverse motions.

### C. The Motion for Sanctions

Also in May 2018, citing Pliura's memorandum, IEPC filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), in which IEPC asserted that (1) Pliura knowingly made legal arguments that are contrary to binding precedent and (2) there was no good-faith basis in fact to support Pliura's arguments. Pliura filed a response in which he (1) rejected IEPC's assertions and (2) alleged that IEPC had filed its motion for sanctions for an improper purpose. Later that month, the trial court conducted a hearing on IEPC's motion for sanctions. After hearing argument from both sides, the trial court granted IEPC's motion because it concluded that Pliura's motion "raised issues that have no basis in law. Some

of the issues he raises have no basis in fact." In June 2018, IEPC filed a "Verified Accounting of Fees and Expenses" and requested the trial court to order Pliura to pay $162,465 in attorney fees, as well as $56,246.25 in additional fines.

¶ 16                                    D. The Trial Court's Order

¶ 17        In July 2018, the trial court sanctioned Pliura in the amount of $61,516.10 and further ordered that Pliura could not bill his clients for this amount. The court concluded that Pliura's memorandum "was not objectively reasonable and was filed solely to harass, to cause unnecessary delay, and/or to needlessly increase the cost of litigation." The court explained that one of the reasons why it sanctioned Pliura was because his 10-day argument had been previously rejected in *Enbridge Energy, Ltd. Partnership v. Fry*, 2017 IL App (3d) 150765, ¶ 48, 79 N.E.3d 246, and in *Forest Preserve District v. First National Bank of Franklin Park*, 2011 IL 110759, ¶ 68, 961 N.E.2d 775.

¶ 18        Later in July 2018, Pliura filed a motion to reconsider in which he argued that (1) the trial court did not have jurisdiction to sanction him and (2) IEPC's Rule 137 motion for sanctions was procedurally insufficient. In August 2018, the parties tried to schedule a hearing on the motion to reconsider, but the trial court declined this request, concluding that it was without jurisdiction because the circuit clerk had already certified the record and returned it to the appellate court.

¶ 19        This appeal followed.

¶ 20                                         II. ANALYSIS

¶ 21        Pliura appeals, arguing that (1) the trial court lacked jurisdiction to sanction him, (2) IEPC's motion for sanctions was procedurally insufficient, (3) the trial court was required to conduct an evidentiary hearing before imposing sanctions, and (4) the trial court abused its discretion by sanctioning him. We disagree with Pliura and conclude that (1) the trial court had jurisdiction, (2) Pliura forfeited his argument that the motion for sanctions was procedurally insufficient, (3) Pliura forfeited his argument regarding the need for an evidentiary hearing, and (4) the trial court did not abuse its discretion by sanctioning him.

¶ 22        Also in this appeal, IEPC (1) suggests that this court should sanction Pliura pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) and (2) requests oral argument pursuant to Illinois Supreme Court Rule 352(a) (eff. July 1, 2018). We decline both IEPC's suggestion and request.

¶ 23                              A. The Trial Court's Jurisdiction

¶ 24        Pliura first argues that the trial court did not have subject-matter jurisdiction to sanction him on remand. We disagree.

¶ 25                                    1. *The Applicable Law*

¶ 26        Jurisdiction is commonly understood as consisting of two elements: personal jurisdiction and subject-matter jurisdiction. *People v. Castleberry*, 2015 IL 116916, ¶ 12, 43 N.E.3d 932. Personal jurisdiction refers to the court's power to bring a person into its adjudicative process. *Id.* Subject-matter jurisdiction "refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota*

*Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334, 770 N.E.2d 177, 184 (2002). With the sole exception of the trial court's power to review administrative actions, which is conferred by statute, the trial court's subject-matter jurisdiction is conferred entirely by the Illinois Constitution, which provides that the trial court's jurisdiction extends to all "justiciable matters except when the Supreme Court has original and exclusive jurisdiction." Ill. Const. 1970, art. VI, § 9; *Belleville Toyota, Inc.*, 199 Ill. 2d at 334. A matter is justiciable when it presents "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot." *Belleville Toyota, Inc.*, 199 Ill. 2d at 335. As long as a matter brought before the trial court is justiciable and does not fall within the original and exclusive jurisdiction of the supreme court, the trial court has subject-matter jurisdiction. *In re Marriage of Armstrong*, 2016 IL App (2d) 150815, ¶ 17, 68 N.E.3d 1039. Whether the trial court had jurisdiction is a question of law reviewed *de novo*. *McCormick v. Robertson*, 2014 IL App (4th) 140208, ¶ 15, 15 N.E.3d 968.

¶ 27    Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018) provides as follows:

"Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee."

¶ 28    The timely filing of a notice of appeal transfers jurisdiction from the trial court to the appellate court. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173, 950 N.E.2d 1136, 1142 (2011). Once the notice of appeal is filed, the appellate court's jurisdiction attaches immediately, and the cause of action is then beyond the jurisdiction of the trial court. *Id.* However, the trial court retains jurisdiction after the notice of appeal is filed to determine matters that are collateral or incidental to the judgment. *Id.* at 173-74. For example, "a trial court has jurisdiction over a motion for sanctions notwithstanding a previously filed notice of appeal." *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 454, 736 N.E.2d 179, 188 (2000); see also *American National Bank & Trust Co. of Chicago v. Bus*, 212 Ill. App. 3d 133, 137, 569 N.E.2d 1377, 1380 (1991) ("[T]he plaintiffs' appeal from the summary judgment order did not deprive the circuit court of jurisdiction to consider the section 2-611 motion [for sanctions].").

¶ 29    Under Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967), the appellate court may remand a matter to the trial court for a limited purpose while retaining jurisdiction of a case. *People v. Garrett*, 139 Ill. 2d 189, 195, 564 N.E.2d 784, 787 (1990). When a matter is remanded, the trial court can conduct only those proceedings which conform to the appellate court's instructions. *People ex rel. Department of Transportation v. Firstar Illinois*, 365 Ill.

App. 3d 936, 939, 851 N.E.2d 682, 685 (2006). Whether the trial court violated the appellate court's instructions is a question of law reviewed *de novo*. *Id.*

¶ 30    The interpretation of supreme court rules are governed by the same principles that govern the interpretation of statutes. *People v. Santiago*, 236 Ill. 2d 417, 428, 925 N.E.2d 1122, 1128 (2010). A court's goal is to ascertain and give effect to the intention of the drafters of the rule. *People v. Tousignant*, 2014 IL 115329, ¶ 8, 5 N.E.3d 176. The most reliable indicator of that intent is the language of the rule, which must be given its plain and ordinary meaning. *Id.* Rules must be construed to avoid absurd results. *In re C.P.*, 2018 IL App (4th) 180310, ¶ 18. The interpretation of a supreme court rule is a question of law reviewe*d de novo*. *People v. Brindley*, 2017 IL App (5th) 160189, ¶ 15, 82 N.E.3d 856.

¶ 31                                    2. *This Case*

¶ 32    On landowners' first appeal, this court gave the following instructions for remand:

> "Based on the aforementioned discussion of the proper scope of a traverse hearing, the trial court should consider only two matters on remand, which are landowners' claims challenging (1) the rebuttable presumptions of public use and public necessity and (2) the Commission's determination as to good-faith negotiations, as generally set forth in *** landowners' July 2014 traverse motion." *Hoke*, 2017 IL App (4th) 150544, ¶ 134.

¶ 33    Based on this court's remand instructions, Pliura argues that the trial court did not have subject-matter jurisdiction to impose sanctions. See *id.* Instead, he argues the trial court could rule only on "landowners' claims challenging (1) the rebuttable presumptions of public use and public necessity and (2) the Commission's determination as to good-faith negotiations." *Id.* This jurisdictional argument has no merit. *Jennings*, 316 Ill. App. 3d at 454 ("[A] trial court has jurisdiction over a motion for sanctions notwithstanding a previously filed notice of appeal.").

¶ 34    We also emphatically reject this argument because Rule 137 always applies to all matters properly before the trial court. Upon our remand in this case, the trial court had authority to rule on certain designated landowners' claims and to receive pleadings from the parties regarding those claims. As with *every* pleading, motion, or other document filed in the trial court, the pleadings the parties filed in the trial court in this case upon remand needed to comply with all the requirements of Rule 137.

¶ 35    Our remand instructions did not alter the trial court's authority to sanction Pliura. Rule 137 applies to *any* document signed by counsel and submitted to the trial court. We emphasize that although we limited the scope of remand pursuant to Rule 615(b), that limitation did not affect the trial court's inherent authority under Rule 137. To conclude otherwise would strip the trial court of its authority to prevent the filing of frivolous pleadings, motions, or documents—which would be an absurd result. Accordingly, we reject Pliura's argument.

¶ 36                         B. Procedural Requirements

¶ 37    Next, Pliura argues that IEPC's motion for sanctions was procedurally insufficient because it failed to comply with the pleading requirements in the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-603 (West 2016)). Pliura claims that IEPC's alleged failure to comply with the Code made it "virtually impossible for [him] to respond to each allegation or claim. It

[made] it nearly impossible to do anything other than generally deny the conclusory allegations." We conclude that this argument is both forfeited and without merit.

¶ 38    Forfeiture applies when an issue is not raised in a timely manner. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 26, 988 N.E.2d 75. Issues not raised before the trial court are deemed forfeited and may not be raised for the first time on appeal. *In re Ronald J.*, 2017 IL App (4th) 160855, ¶ 22, 74 N.E.3d 1178. Likewise, an argument made for the first time in a motion to reconsider is forfeited on appeal. *People v. Ross*, 2017 IL App (4th) 170121, ¶ 32, 92 N.E.3d 999; *Vantage Hospitality Group, Inc. v. Q Ill Development, LLC*, 2016 IL App (4th) 160271, ¶¶ 46-47, 71 N.E.3d 1.

¶ 39    After IEPC filed its motion for sanctions, Pliura filed a 17-page response, but in that response, Pliura never argued that IEPC's motion failed to comply with the Code. Instead, Pliura raised this issue for the first time in his motion to reconsider. Accordingly, this issue is forfeited. See *Vantage Hospitality Group, Inc.*, 2016 IL App (4th) 160271, ¶ 47.

¶ 40    Alternatively, the law is clear that a motion for sanctions under Rule 137 is not a pleading. In *In re Marriage of Nesbitt*, 377 Ill. App. 3d 649, 660, 879 N.E.2d 445, 455 (2007), the First District concluded that "Sections 2-619 and 2-615 of the Code apply only to pleadings. 735 ILCS 5/2-619, 2-615 (West 2004); [citations]. A motion for Rule 137 sanctions is not a pleading and, thus, is not capable of being stricken under either section." Accordingly, we deem Pliura's argument as additionally without merit.

¶ 41                                    C. Evidentiary Hearing

¶ 42    Pliura filed a supplemental brief in this court in which he argued that the trial court erred by sanctioning him under Rule 137 because it did not conduct an evidentiary hearing. We conclude that this argument is forfeited.

¶ 43    Illinois Supreme Court Rule 341(h) (eff. Nov. 1, 2017) governs the contents of an appellate brief. Rule 341(h)(7) requires that an argument "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." *Id.* "The failure to provide proper citations to the record is a violation of Rule 341(h)(7), the consequence of which is the forfeiture of the argument." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 12, 969 N.E.2d 930. "Mere contentions, without argument or citation to authority, do not merit consideration on appeal." *Id.*

¶ 44    Pliura's supplemental brief lacks adequate citation to the record. Further, based on the record in this case, it appears that Pliura did not object to the proceedings or request that an evidentiary hearing be conducted. This court "will not search the record for purposes of finding error *** when an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs." *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47, 957 N.E.2d 454. Accordingly, this argument is forfeited.

¶ 45                                    D. The Trial Court's Sanctions

¶ 46    Last, Pliura argues that the trial court abused its discretion by sanctioning him pursuant to Rule 137. We disagree.

¶ 47                                               1. *The Applicable Law on Rule 137 Sanctions*

¶ 48        Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) authorizes the trial court to impose sanctions against a party or its attorney when a motion or pleading is "not well grounded in fact, not supported by existing law, or lacks a good-faith basis for modification, reversal, or extension of the law, or is interposed for any improper purpose." *Whitmer v. Munson*, 335 Ill. App. 3d 501, 513-14, 781 N.E.2d 618, 628 (2002). The attorney's conduct must be judged by an objective standard. *Deutsche Bank National Trust Co. v. Ivicic*, 2015 IL App (2d) 140970, ¶ 24, 46 N.E.3d 395. Because Rule 137 is penal in nature, it must be strictly construed. *Id.* "The purpose of Rule 137 is to prevent the filing of false and frivolous lawsuits." *Yunker v. Farmers Automobile Management Corp.*, 404 Ill. App. 3d 816, 824, 935 N.E.2d 630, 637 (2010). "The rule is not intended to penalize litigants and their attorneys because they were zealous but unsuccessful in pursuing an action." *Id.*

¶ 49        The appellate court will reverse the trial court's imposition of Rule 137 sanctions only if the trial court abused its discretion. *Mohica v. Cvejin*, 2013 IL App (1st) 111695, ¶ 47, 990 N.E.2d 720. "[W]e utilize this deferential standard, in part, because the conduct at issue occurred before the trial judge, who is then in the best position to determine whether the conduct warranted penal sanctions ***." *Id.* ¶ 78 (Gordon, J., specially concurring). A trial court abuses its discretion when no reasonable person would agree with its decision. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16, 39 N.E.3d 992. A reviewing court may affirm the trial court's imposition of sanctions for any reason provided in the record. *Id.* Further, "a litigant cannot expect to avoid all sanctions under Rule 137 merely because the pleading was not entirely frivolous." *Walsh v. Capital Engineering & Manufacturing Co.*, 312 Ill. App. 3d 910, 919, 728 N.E.2d 575, 582 (2000).

¶ 50                                    2. *The Applicable Law on Negotiations in Good Faith*

¶ 51        In *Forest Preserve District*, 2011 IL 110759, ¶ 68, the Illinois Supreme Court wrote the following regarding good-faith negotiations:

           "Defendants make two additional arguments related to good faith. They argue that the District's lack of good faith is shown by its failure to attach an appraisal to its offer letters and by setting a limit of 10 days for negotiations. *** No Illinois court has ever held that including 'the basis for computing' the amount of compensation means that the condemning authority must actually tender its own appraisal to the landowner. *** Similarly, we conclude that a condemning body is not legally constrained to provide more than 10 days for negotiations in order to satisfy the good-faith requirement."

¶ 52        In *Fry*, 2017 IL App (3d) 150765, ¶¶ 48-50, an appeal in which Pliura was the attorney of record, the Third District concluded as follows:

           "Evidence that an offer was made by the condemning authority based upon the advice of an experienced appraisal consultant is generally sufficient to establish a good-faith attempt to agree. *Forest Preserve District v. First National Bank of Franklin Park*, 2011 IL 110759, ¶ 63. To satisfy the good-faith negotiation prerequisite, however, the condemning authority is not required to tender its own appraisals to the landowner. *Id.* ¶ 68. In addition, the condemning authority is not required to provide more than 10 days for negotiations in order to satisfy the good-faith requirement. *Id.*

               ***

"*** As noted above, and contrary to the landowners' assertion here, Enbridge was not required to tender its land market survey to the landowners during negotiations to satisfy the good-faith requirement. See *Forest Preserve District*, 2011 IL 110759, ¶ 68. Under the circumstances of the present case, the trial court did not err in the manner in which it conducted the proceedings on the traverse motion, in finding that Enbridge had made a good faith offer of just compensation, or in ultimately denying the traverse motion."

¶ 53                                    3. *This Case*

¶ 54        Before the trial court in this case, Pliura argued that, based on the totality of the circumstances, IEPC did not negotiate in good faith. One of the factors which Pliura cited was "[t]he 10 day timeframe [*sic*], from the date of the offers mailing, Enbridge gave to the landowners to respond to the offers." However, the Illinois Supreme Court had already concluded that "a condemning body is not legally constrained to provide more than 10 days for negotiations in order to satisfy the good-faith requirement." *Forest Preserve District*, 2011 IL 110759, ¶ 68. Likewise, in a case where Pliura was the attorney of record, the Third District concluded that "the condemning authority is not required to provide more than 10 days for negotiations in order to satisfy the good-faith requirement." *Fry*, 2017 IL App (3d) 150765, ¶ 48. Both of these decisions were cited by the trial court in its decision to impose sanctions against Pliura under Rule 137. Based upon the above-quoted language from those cases, we conclude that the trial court's sanction was not an abuse of discretion.

¶ 55        On appeal, Pliura contends that "[t]he point of emphasis here is NOT that landowners were given only ten days to respond, but instead that [IEPC] failed to inform the landowners how it determined fair market value." This assertion is contradicted by the record. In previous written exchanges between IEPC and landowners, as well as in argument before the Illinois Commerce Commission (at which Pliura appeared and represented landowners), IEPC explained that it based its offers on a land market study. Furthermore, in its final offer to landowners, IEPC included a "compensation worksheet" showing how it determined the final offer.

¶ 56                                  E. Rule 375 Sanctions

¶ 57        IEPC suggests that we *sua sponte* sanction Pliura pursuant to Rule 375(b). (We note that IEPC in this appeal has not formally *requested* this court to impose sanctions under Rule 375(b) but merely—and indirectly—*suggests* that action.) We decline to do so.

¶ 58        Rule 375(b) empowers a reviewing court to sanction an attorney *sua sponte* if it determines that an appeal is frivolous or not taken in good faith. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 59. An appeal is frivolous when (1) it is not reasonably well-grounded in fact; (2) it is not warranted by existing law; (3) it is not a good-faith argument for the extension, modification, or reversal of existing law; or (4) a reasonable attorney would not have brought the appeal. *Goldberg v. Michael*, 328 Ill. App. 3d 593, 600, 766 N.E.2d 246, 252 (2002). An appeal is not taken in good faith when the primary purpose of the appeal is to delay, harass, or cause needless expense. *Id.* at 600-01. This is an objective test. *Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 59.

¶ 59        If a reviewing court initiates the sanction proceedings (which the posture of this case would require this court to do, given that IEPC only *suggests* but does not *request* that action), the

reviewing court shall require the attorney "to show cause why such a sanction should not be imposed *before* imposing the sanction." (Emphasis added.) Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). When a sanction is imposed, the reviewing court will set forth the reasons and basis for the sanction in its opinion or in a separate written order. *Id.* However, the imposition of Rule 375(b) sanctions "is left entirely to the discretion of the reviewing court." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87, 2 N.E.3d 1052.

¶ 60     Although we believe that a case could be made that Pliura's arguments are frivolous within the meaning of Rule 375(b), we have concluded in the exercise of our discretion not to pursue this matter. This pipeline litigation has gone on long enough. Requiring Pliura to file a motion to show cause why sanctions should not be imposed will only further delay the outcome of this case. Further, affirming the trial court's imposition of sanctions should serve as a sufficient deterrent both for Pliura and the profession. See Fred C. Zacharias, *The Purposes of Lawyer Discipline*, 45 Wm. & Mary L. Rev. 675, 696-97 (2003). Accordingly, in the exercise of our discretion, this court declines to pursue possible sanctions against Pliura under Rule 375(b).

¶ 61                                      F. Oral Argument

¶ 62     Last, IEPC has requested oral argument pursuant to Illinois Supreme Court Rule 352(a) (eff. July 1, 2018). We decline this request.

¶ 63                                   1. *The Applicable Law*

¶ 64     Oral argument often serves a useful function in the adjudication of appeals because it "provides the litigant with a better opportunity to inform the judges of the litigant's position" because "cold, printed words convey little in regard to the sense of urgency under which a party may be operating." Myron H. Bright, *The Power of the Spoken Word: In Defense of Oral Argument*, 72 Iowa L. Rev. 35, 37 (1986). Furthermore, oral argument may develop "a new issue overlooked or not adequately briefed" and "provides an important forum for an interchange of ideas between counsel and the judges, and between the judges themselves." Stanley Mosk, *In Defense of Oral Argument*, 1 J. App. Prac. & Process 25, 27 (1999).

¶ 65     Based on these policy concerns and the decline in the number of oral arguments, the Illinois Supreme Court recently modified Rule 352(a). The prior version of the rule stated that the appellate court "may dispose of any case without oral argument if no substantial question is presented, but this power should be exercised sparingly." Ill. S. Ct. R. 352(a) (eff. July 1, 2017). However, following a May 2018 amendment, Rule 352(a) now reads as follows:

> "After the briefs have been filed, the [appellate] court may dispose of any case without oral argument if no substantial question is presented, but this power *shall* be exercised sparingly and only upon the entry of a written order stating with specificity why such power is being exercised in the affected case. Notwithstanding the foregoing, oral argument shall be held in any case in which at least one member of the panel assigned to the case requests it." (Emphasis added.) Ill. S. Ct. R. 352(a) (eff. July 1, 2018).

¶ 66     When interpreting a supreme court rule, our goal is to ascertain and give effect to the intention of the drafters. *Tousignant*, 2014 IL 115329, ¶ 8. The plain language of the rule is the most reliable indicator of that intent. *Id.* The interpretation of a supreme court rule is a question of law reviewed *de novo*. *Brindley*, 2017 IL App (5th) 160189, ¶ 15.

¶ 67    Rule 352(a) does not define "substantial question" or give further guidance on when to deny oral argument. See Ill. S. Ct. R. 352(a) (eff. July 1, 2018). However, the Federal Rules of Appellate Procedure provide that a reviewing court may deny oral argument if (1) the appeal is frivolous, (2) the dispositive issue or issues have been authoritatively decided, or (3) the court would not be significantly aided by oral argument because the facts and legal arguments are adequately presented in the briefs and the record. Fed. R. App. P. 34(a)(2). We find these factors to be highly persuasive when determining whether a "substantial question" is present under Illinois Supreme Court Rule 352(a).

¶ 68                                    2. *This Case*

¶ 69    We note that the Fourth District Appellate Court has always been very receptive to requests for oral argument and rarely declines them. Further, Rule 352(a) requires that we "sparingly" deny requests for oral argument. Ill. S. Ct. R. 352(a) (eff. July 1, 2018). However, under the unique facts of this case, we decline the request for oral argument. See *id.*

¶ 70    First, many issues Pliura raised on appeal are meritless and do not warrant oral argument. See Fed. R. App. P. 34(a)(2)(A). Second, the law governing the primary issue in this case—whether the trial court abused its discretion when sanctioning Pliura—is straightforward and settled. See Fed. R. App. P. 34(a)(2)(B). Last, although the overall procedural history of this case is complex, this court would not benefit from oral argument because the facts and legal arguments of this case are adequately presented in the briefs and the record. See Fed. R. App. P. 34(a)(2)(C). Because this case does not present a substantial question, oral argument would unnecessarily delay this case and increase the costs of litigation. Thus, we find this case appropriate for the sparing exercise of our power to dispose of a case without oral argument.

¶ 71                                  III. CONCLUSION

¶ 72    For the reasons stated, we affirm the trial court's judgment. We thank the trial court for its well-reasoned written order, which we found quite helpful.

¶ 73    Affirmed.