**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210092-U

Order filed May 4, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois. |
| DIANA CANTWAY, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-21-0092 |
| | ) | Circuit No. 20-D-290 |
| and | ) | |
| | ) | |
| JACK CANTWAY, | ) | Honorable |
| | ) | Dinah Lennon Archambeault, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Lytton and McDade concurred in the judgment.

**ORDER**

¶ 1    *Held*:  In the appeal of a self-represented litigant, the appellate court affirmed the circuit court's judgment for the dissolution of marriage. The appellate court also found the respondent's appeal was frivolous under Illinois Supreme Court Rule 375(b). Therefore, the appellate court ordered further filings to determine the propriety of sanctions under that rule.

¶ 2    Petitioner, Diana Cantway, filed a petition for the dissolution of marriage against respondent, Jack Cantway, under the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/101 *et seq.* (West 2018)). After a final hearing, the circuit court entered a judgment for the dissolution of marriage, finding, *inter alia*, Jack and Diana were liable for their own debts

and Jack was required to pay child support. Jack appeals, raising numerous arguments that render his appeal frivolous under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). We affirm the judgment of the circuit court and order the parties to submit certain filings under Rule 375(b).

¶ 3                                                    I. BACKGROUND

¶ 4        Jack and Diana were married on June 19, 1999. Two children were born of the marriage on April 21, 2004, and August 18, 2007, respectively. On February 18, 2020, Diana filed a petition for the dissolution of marriage under the Act, requesting, *inter alia*, an equitable share of marital property and an order for Jack to pay child support.

¶ 5        On April 6, 2020, Jack filed a financial affidavit, listing various "[d]ebts to be settled & discharged by *Cesta* [*sic*] *Que* Trust Fund" of Jack Cantway. In the same manner, Jack sought to "discharge & settle all debt due to case # 20 D 290 including child support." In numerous other circuit court pleadings, Jack referenced a "*Cesta* [*sic*] *Que* Trust Fund" for which he was the beneficiary and executor. Jack stated the circuit court judge and Diana's attorney were trustees and the clerk of the circuit court was the administrator of that trust. Consistent with his financial affidavit, Jack sought for the United States Government to settle and discharge marital debts and debts from this case via a "*Cesta* [*sic*] *Que* Trust." In one pleading, Jack stated he was not responsible for preparing paperwork for "the *Cesta* [*sic*] *Que* Trust Fund," as he was the beneficiary and executor. Jack said Diana's attorney, as a trustee, was responsible for that work.

¶ 6        On February 22, 2021, the case proceeded to a final hearing. The circuit court heard testimony on the primary issue in dispute, which was the allocation of marital debt. Diana stated mortgages for the marital residence and two other marital properties—totaling approximately $193,000, $66,000, and $53,000, respectively—list her and Jack's names. Diana desired to keep the marital residence. She proposed relieving Jack from liability on the mortgage for that

property through refinancing. Diana also suggested Jack could keep the two other properties if he would remove her name from the mortgages through refinancing. Diana paid the property taxes on each property in 2020. Diana had one credit card in her name only. Diana was unaware of a *cestui que* trust, for which she or Jack was a beneficiary, that could discharge their debt. Diana sought guideline child support from Jack.

¶ 7 Jack repeatedly argued all debt should be settled and discharged by the United States Government via a *cestui que* trust. Jack did not present any evidence of a trust. Jack admitted he did not respond to Diana's discovery requests.

¶ 8 On February 26, 2021, the circuit court entered a judgment for the dissolution of marriage, finding, *inter alia*, each party was responsible for their own debt, Jack had to pay $1031 per month in child support, and each party was responsible for their attorney fees and costs. Diana was awarded the marital residence. She was ordered to refinance the mortgage on that property to relieve Jack from liability. Jack was awarded the two other properties and was likewise ordered to refinance the respective mortgages. Each party was required to cooperate with the refinancing processes. As an alternative to refinancing, Jack could sell his properties and keep the proceeds of sale, less one-half the property taxes paid by Diana in 2020.

¶ 9 On March 1, 2021, Jack filed a timely notice of appeal, requesting a reversal of the circuit court's judgment of dissolution of marriage and a grant of a *cestui que* trust "to settle all debt."[1]

---

[1]On September 16, 2021, Diana filed a motion to dismiss Jack's appeal, with prejudice, under Illinois Supreme Court Rules 361 (eff. July 1, 2017) and 375(b) (eff. Feb. 1, 1994). Diana argued Jack's appeal was frivolous under Rule 375(b) because, despite several opportunities, he failed to present evidence of a *cestui que* trust that entitled him to the elimination of all debts in this case. On September 20, 2021, Jack filed an objection to Diana's motion to dismiss. That same day, we denied Diana's motion to dismiss.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, Jack argues the circuit court erred by finding each party liable for their own debt and Jack liable for guideline child support because the United States Government, as sole debtor of all debt, must settle and discharge the parties' debts via a *cestui que* trust. Jack also presents a litany of other arguments on appeal, including that the circuit court improperly invoked its judicial powers, committed forgery and fraud by deeming Jack a surety and not a beneficiary and executor of a *cestui que* trust, allowed statutes and codes to supersede the United States Constitution, violated its judicial oath, allowed improper oral arguments and pleadings, and denied Jack a jury trial.[2] Jack's arguments are littered with claims of intimidation, extortion, conspiracy, harassment, and embezzlement by Diana's attorney and/or the circuit court.

¶ 12        Here, Jack has failed to present any evidence to establish the existence of a *cestui que* trust.[3] In fact, the record reflects that Jack refused to respond to Diana's requests for discovery. Contrary to Jack's assertions, it was not the obligation of the circuit court or Diana's attorney to act on his behalf with respect to the creation or maintenance of any trust. Jack has also failed to present any valid legal basis that warrants his requested relief, *i.e.*, the settlement and discharge of the parties' debt by the United States Government via a *cestui que* trust. In the same way, Jack's additional arguments, as unsupported by the facts or any relevant legal authority, are entirely without merit and warrant no further consideration on appeal. Quite simply, Jack's bald and conclusory assertions are insufficient to sustain this appeal. Based on the testimony received at the final hearing, we conclude the circuit court acted in its discretion when assigning the

---

[2]On January 25, 2021, which was before the final hearing, the circuit court advised Jack that a trial by jury is "specifically not provided" under section 103 of the Act (750 ILCS 5/103 (West 2020)).

[3]Jack has failed to meaningfully articulate his understanding of a "*cesta* [*sic*] *que*" or "*cestui que*" trust. We note, however, "*cestui que*" merely refers to the beneficiary of a trust. See Restatement (Second) of Trusts § 3, cmt. special note (1959); accord Restatement (Third) of Trusts § 3, cmt. d (2003); see also 19 Robert S. Hunter, Illinois Practice, Estate Planning and Administration § 215:1 (4th ed. 2021).

parties' debt and ordering Jack to pay guideline child support under the relevant provisions of the Act. See 750 ILCS 5/503, 5/505 (West 2020); *In re Marriage of Marriott*, 264 Ill. App. 3d 23, 30 (1994); *In re Marriage of Nelson*, 297 Ill. App. 3d 651, 655 (1998).

¶ 13 Now, we consider whether Jack should be ordered to pay the attorney fees and costs incurred by Diana in this appeal, as requested by Diana in her appellate brief. Rule 375(b) states:

"If, after consideration of an appeal *** in a reviewing court, it is determined that the appeal *** itself is frivolous[] *** an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties. An appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law *** .

Appropriate sanctions for violation of this section may include an order to pay to the other party *** the reasonable costs of the appeal *** and any other expenses necessarily incurred by the filing of the appeal ***, including reasonable attorney fees.

A reviewing court may impose a sanction upon a party *** upon the motion of another party *** or on the reviewing court's own initiative where the court deems it appropriate. If the reviewing court initiates the sanction, it shall require the party or attorney, or both, to show cause why such a sanction should not be imposed before imposing the sanction. Where a sanction is imposed, the reviewing court will set forth the reasons and basis for the sanction in its opinion or in a separate written order." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); see also *In*

*re Estate of Hanley*, 2013 IL App (3d) 110264, ¶ 111; *Enbridge Pipeline*

*(Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶¶ 58-59.

The propriety of sanctions under Rule 375(b) is determined by an objective standard of conduct. *Garlick v. Bloomingdale Township*, 2018 IL App (2d)171013, ¶ 59. Rule 375(b) sanctions are intended to condemn and punish litigants' abusive conduct. *Id.* Rule 375(b) sanctions may be imposed against *pro se* litigants, such as Jack, "under sufficiently egregious circumstances." *Id.*

¶ 14    Here, based upon our comprehensive review of the record and the legal authorities cited by Jack, we conclude that Jack's appeal is objectively frivolous under Rule 375(b).[4] To be clear, the arguments presented by Jack in this appeal are entirely devoid of any factual or legal basis, let alone a good-faith basis for the extension, modification, or reversal of existing law. Jack's arguments are either fabricated, entirely made up, or irrelevant to proceedings for the dissolution of marriage. Neither Diana nor her attorney should have had to tolerate Jack's abuse of the appellate process to defend the circuit court judgment against Jack's frivolous arguments.

¶ 15    Therefore, Diana's attorney is directed to submit, within 14 days of the issuance of this order, a billing statement and affidavit related to the attorney fees and costs charged to Diana for this appeal. Further, since Diana requests for Jack to pay her attorney fees and costs in her appellate brief and not in a separate motion for sanctions under Rule 375(b), Jack is ordered, within 14 days of the filing of Diana's attorney's billing statement and affidavit, to show cause as to why sanctions in the form of his payment of Diana's attorney fees and costs should not be imposed under Rule 375(b) and to otherwise dispute Diana's attorney's billing statement. Upon reviewing those filings, we will determine the appropriateness of sanctions under Rule 375(b).

---

[4]Jack was previously sanctioned by our court under Rule 375(b) for presenting similar arguments in a separate appeal. See *Village of Frankfort v. Cantway*, 2021 IL App (3d) 190413-U, ¶¶ 6, 12, 25-26.

¶ 16                                    III. CONCLUSION

¶ 17            The judgment of the circuit court of Will County is affirmed. The parties are ordered to

submit certain filings for our court to determine the propriety of sanctions under Rule 375(b).

¶ 18            Affirmed. Filings under Rule 375(b) ordered.