# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re A.W.*, 2013 IL App (5th) 130104

---

| | |
|---|---|
| Appellate Court Caption | *In re* A.W., a Minor (Kristen W., Petitioner-Appellant, and Emily R., Respondent-Appellee (A.W., Intervening Petitioner-Appellant)). |
| District & No. | Fifth District<br>Docket Nos. 5-13-0104, 5-13-0107 cons. |
| Rule 23 Order filed<br>Motion to publish<br>granted<br>Opinion filed | July 25, 2013<br><br>August 30, 2013<br>August 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's orders dismissing the petition for guardianship of the minor child of petitioner's deceased husband and awarding custody to respondent mother on the ground that petitioner lacked standing were reversed, notwithstanding the mother's contention that she was willing and able to carry out child-care decisions for the child and the facts that the mother was alive, her whereabouts were known and her parental rights had not been terminated, since the trial court entered the orders without hearing evidence, including evidence supporting petitioner's claim that the mother was unfit, and the cause was remanded for an evidentiary hearing on the issue of whether petitioner had standing, that is, whether she could rebut, by a preponderance of the evidence, the presumption that the child's mother was willing and able to carry out child-care decisions for the child. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Madison County, Nos. 12-P-509, 01-F-443; the Hon. David Grounds, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Amanda Bradley Verett, of Edwardsville, and Margaret J. Walsh, of St. Louis, Missouri, for appellants. |
| | Christine S.P. Kovach, of Kovach Law, PC, of Highland, for appellee. |
| Panel | JUSTICE WEXSTTEN delivered the judgment of the court, with opinion. |
| | Justices Goldenhersh and Cates concurred in the judgment and opinion. |

## OPINION

¶ 1     The petitioner, Kristen W., and the intervening petitioner, A.W., appeal the circuit court's dismissal of Kristen's petition for guardianship of A.W. and the circuit court's order awarding custody of A.W. to the respondent, Emily R. We reverse and remand.

¶ 2                                         FACTS

¶ 3     A.W., born on December 11, 2000, is the 12-year-old daughter of James W., who is deceased, and Emily, both of whom were minors when A.W. was born. On January 31, 2001, the circuit court granted a petition for coguardianship of A.W., filed by Rebecca and William Schooley, Emily's mother and stepfather. On November 19, 2002, this guardianship was terminated.

¶ 4     In a March 26, 2008, petition for custody, James asserted that he had, "for years, maintained a stable home for" A.W., that Emily "was and is incapable of and uninterested in full[-]time parenting," and that Emily had "at all times required the assistance of relatives to maintain even basic care for" A.W. Accordingly, on March 28, 2008, the circuit court transferred physical possession of A.W. to James. Over two years later, on October 14, 2010, the circuit court entered a permanent order for custody, awarding legal and physical custody to James. In its order, the circuit court noted that "[a]s a result of various life circumstances, the physical custody of [A.W.] has not been primarily with" Emily and that A.W. had lived in the custody of James "for a period of time in excess of five years."

-2-

¶ 5        On October 3, 2012, James died. He had last resided with A.W. and his wife, Kristen. Prior to his death, he executed a last will and testament, designating Kristen as guardian of the person and estate of A.W. From the time of his death until March 2013, A.W. remained in Kristen's home, and Kristen shared visitation with Emily.

¶ 6        On October 10, 2012, in circuit court case number 12-P-509, Kristen filed a petition for guardianship of A.W. under the Probate Act of 1975 (Probate Act) (755 ILCS 5/11-5 (West 2012)). In her petition, she alleged that Emily was unable to make or carry out day-to-day decisions concerning A.W. Kristen asserted that Emily's history demonstrated that she was wholly unfit to care for A.W. and that she had relinquished that responsibility first to her parents, who were awarded guardianship, and then to James, who was awarded custody and with whom A.W. and Kristen lived before he died.

¶ 7        On November 9, 2012, Emily filed a motion to dismiss Kristen's petition for guardianship, arguing that the court lacked jurisdiction to proceed on the petition because Emily was willing and able to carry out day-to-day child-care decisions concerning A.W. Emily attached to her petition an affidavit attesting that she maintained a close and continuing relationship with A.W. and was a fit parent and willing and able to make and carry out day-to-day child-care decisions for her.

¶ 8        Two days after James died, on October 5, 2012, in circuit court case number 01-F-443, Emily filed a motion for a temporary restraining order and preliminary and permanent injunction. In this motion, Emily requested the court to direct Kristen to relinquish physical custody of A.W. and her belongings to Emily. Emily also filed a motion requesting the court to grant her permanent physical and legal custody of A.W. On January 31, 2013, Emily filed a motion for summary judgment on her motion for permanent custody and motion for temporary restraining order and preliminary and permanent injunction. In this motion, Emily referred to her pending motion to dismiss Kristen's petition for guardianship in the probate case and argued that summary judgment should be entered in her favor. Emily again attached the affidavit asserting that she was willing and able to make and carry out day-to-day child-care decisions for A.W.

¶ 9        On March 4, 2013, A.W., whom the circuit court allowed to intervene, filed a position statement. In this position statement, A.W. asserted that two of Emily's roommates were currently in drug court diversion and that her most recent ex-boyfriend had been arrested in 2013 and was currently serving a two-year prison sentence. A.W. asserted that on February 27, 2013, when served with a subpoena for the hearing, Emily woke A.W. at midnight, screaming to A.W. that she did not want to see her again and that she was going to allow Emily's mother, Becky, to adopt A.W. A.W. asserted that while visiting in Emily's home, A.W. "does not have clean sheets to sleep on and has to maneuver around piles of trash." A.W. further asserted that she "ha[d] found a baggie of marijuana in her mother's room along with other drug paraphernalia." A.W. asserted that Emily was unable to meet the day-to-day needs of A.W.

¶ 10       On the same date, without hearing evidence, the circuit court granted Emily's motion to dismiss Kristen's petition for guardianship on the basis that Kristen was without standing to proceed pursuant to section 11-5(b) of the Probate Act (755 ILCS 5/11-5(b) (West 2012)).

Without an evidentiary hearing, the circuit court further awarded Emily full legal and physical custody of A.W. Kristen and A.W. filed timely notices of appeal.

¶ 11                                    ANALYSIS

¶ 12     Generally, pursuant to section 11-5(a) of the Probate Act, once a petition for guardianship is filed, "the court may appoint a guardian *** of a minor *** as the court finds to be in the best interest of the minor." 755 ILCS 5/11-5(a) (West 2012). However, the court lacks jurisdiction to hear a petition for the appointment of a guardian of a minor when:

> "(i) the minor has a living parent *** whose parental rights have not been terminated, whose whereabouts are known, and who is willing and able to make and carry out day-to-day child[-]care decisions concerning the minor ***. There shall be a rebuttable presumption that a parent of a minor is willing and able to make and carry out day-to-day child[-]care decisions concerning the minor, but the presumption may be rebutted by a preponderance of the evidence." 755 ILCS 5/11-5(b) (West 2012).

¶ 13     " '[T]he standing requirement contained in paragraph (b) protects the superior rights of parents and ensures that guardianship proceedings pass constitutional muster.' " *In re Guardianship Estate of Tatyanna T.*, 2012 IL App (1st) 112957, ¶ 21 (quoting *In re Guardianship of A.G.G.*, 406 Ill. App. 3d 389, 394 (2011)). "By allowing a guardianship petition to proceed to a hearing on the merits over the wishes of a parent only when the parent has been established to be unwilling or unable to carry out day-to-day child-care decisions, the Probate Act respects the superior rights of parents while also insuring to protect the health, safety, and welfare of children." *In re R.L.S.*, 218 Ill. 2d 428, 441 (2006). This "section establishes the threshold statutory requirement that a petitioner must meet before the court can proceed to a determination of the best interests of a child." *In re Guardianship Estate of Tatyanna T.*, 2012 IL App (1st) 112957, ¶ 21.

¶ 14     Accordingly, a nonparent has standing to proceed on a petition for guardianship under the Probate Act even when the minor has a parent whose whereabouts are known and whose parental rights have not been terminated, when that nonparent rebuts the statutory presumption that the parent is willing and able to make and carry out day-to-day child-care decisions concerning the minor. 755 ILCS 5/11-5(b) (West 2012); *In re R.L.S.*, 218 Ill. 2d at 436. "Illinois courts [are] effectively prohibited from denying standing to a nonparent seeking guardianship over a minor, even if that minor was in the physical custody of his biological parent, so long as that petitioner could establish that the parent is not 'willing and able to make and carry out day-to-day child[-]care decisions concerning the minor.' " *In re Guardianship Estate of Tatyanna T.*, 2012 IL App (1st) 112957, ¶ 24 (quoting 755 ILCS 5/11-5(b) (West 2004)). Nonetheless, if the petitioner fails to rebut the presumption, the petitioner lacks standing, and the trial court lacks jurisdiction to proceed on the petition. See 755 ILCS 5/11-5(b) (West 2012); *In re R.L.S.*, 218 Ill. 2d at 448 ("The petitioners lack standing to proceed with their petition unless the court determines that they have rebutted the presumption that [the] respondent is willing and able to make day-to-day child-care decisions.").

¶ 15     Whether the presumption is rebutted necessarily requires an evidentiary hearing, unless

the allegations contained in the petition would not, if true, rebut such a presumption. See, *e.g.*, *In re R.L.S.*, 218 Ill. 2d at 431-32 (wherein trial court held an evidentiary hearing before determining the petitioners lacked standing to bring a guardianship petition); *In re Guardianship of A.G.G.*, 406 Ill. App. 3d at 396 (matter remanded with directions to conduct an evidentiary hearing on standing as described in the Probate Act); *In re Guardianship of K.R.J.*, 405 Ill. App. 3d 527, 535 (2010) (court held evidentiary hearing to determine whether petitioners rebutted the presumption that parents were able to make and carry out day-to-day child-care decisions regarding child); *In re Estate of Johnson*, 284 Ill. App. 3d 1080, 1092 (1996) (court found, after a hearing where father produced unrefuted evidence that he had remarried, had full-time employment, lived in a home where his mother-in-law could care for the minor, and had had his efforts at contact with the minor thwarted by others, that the nonparents lacked standing to petition for guardianship). The circuit court's decision on standing, without hearing evidence, is reviewed *de novo*. *In re Guardianship of K.R.J.*, 405 Ill. App. 3d at 535.

¶ 16    Here, the circuit court determined the issue of Kristen's standing without hearing evidence. Accordingly, it necessarily determined that the allegations contained in Kristen's petition, even if true, would not rebut the presumption that Emily was willing and able to make and carry out day-to-day child-care decisions concerning A.W.

¶ 17    There is no dispute that Emily, A.W.'s biological mother, is alive, that her parental rights have not been formally terminated, and that her whereabouts are known. However, Kristen asserted in her petition for guardianship that Emily was unwilling and unable to make decisions regarding A.W.'s care, in that Emily was wholly unfit as demonstrated by her relinquishment of responsibility and lack of commitment to A.W. throughout the minor's life. At the pleading stage, the issue is whether Kristen's allegations, if taken as true, rebut the statutory presumption that Emily is able to make and carry out day-to-day child-care decisions on A.W.'s behalf. We find that they do.

¶ 18    Because Kristen's petition was sufficient, the circuit court should have heard evidence to determine whether Kristen could establish standing, *i.e.*, whether she could rebut, by a preponderance of the evidence, the presumption that Emily is able to make and carry out day-to-day child-care decisions regarding A.W. If Kristen fails to rebut the presumption by a preponderance of the evidence, she lacks standing, and the circuit court then lacks jurisdiction to proceed on the petition. See 755 ILCS 5/11-5(b) (West 2012); *In re R.L.S.*, 218 Ill. 2d at 448. If she successfully rebuts the presumption favoring Emily, the circuit court must determine A.W.'s best interests. See 755 ILCS 5/11-5(a) (West 2012) (a trial court may appoint a guardian as the court finds in the minor's best interests). We note that the issues of standing and best interests in the Probate Act are separate and the proceedings cannot become so muddled that they leave the factual underpinnings of the circuit court's decision unreliable. *In re Guardianship of A.G.G.*, 406 Ill. App. 3d at 395.

¶ 19    Accordingly, we reverse the circuit court's orders dismissing Kristen's petition for guardianship and awarding custody of A.W. to Emily. We remand the cause for an evidentiary hearing on the issue of whether Kristen had standing to seek guardianship of A.W., *i.e.*, whether she can rebut, by a preponderance of the evidence, the presumption that Emily is willing and able to make and carry out day-to-day child-care decisions concerning

A.W. Because we reverse on this basis, we need not address the remaining arguments on appeal.

¶ 20                                    CONCLUSION

¶ 21        For the foregoing reasons, we reverse the orders of the circuit court of Madison County, and we remand the cause for a hearing on the issue of standing pursuant to section 11-5(b) of the Probate Act (755 ILCS 5/11-5(b) (West 2012)).

¶ 22        Reversed and remanded.