NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200434-U

NO. 4-20-0434

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 19, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* GUARDIANSHIP OF H.D. and I.B., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (Nichelle Drew and Brad Drew, | ) | Douglas County |
| Petitioners-Appellants, | ) | No. 18P45 |
| v. | ) | |
| Nicholas D., Steven B., and Paige B., | ) | Honorable |
| Respondents-Appellees). | ) | Richard Lee Broch Jr., |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The circuit court did not err in imposing sanctions under Illinois Supreme Court
                  Rule 137 (eff. Jan. 1, 2018).

¶ 2          In November 2018, petitioners, Nichelle and Brad Drew, filed a petition for

guardianship of H.D. (born in May 2006) and I.B. (born in November 2011). H.D.'s parents are

respondents, Nicholas D. and Paige B.; and I.B.'s parents are respondents, Steven B. and Paige

B. Petitioners are the aunt and uncle of the minor children. In March 2019, petitioners filed a

motion for voluntary dismissal of their guardianship petition. At a March 11, 2019, hearing, the

Douglas County circuit court allowed petitioners' motion for voluntary dismissal, subject to the

issue of reimbursement of attorney fees. Both Nicholas D. and Steven B. sought attorney fees

under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). After an April 30, 2019, hearing, the

court found Nicholas D. and Steven B. had satisfied the requirements of Rule 137 and entered

judgment in favor of Nicholas D. and against petitioners in the amount of $1398.50 and in favor of Steven B. and against petitioners in the amount of $2707.16. Petitioners filed a motion to reconsider the court's April 30, 2019, order. Nicholas D. filed a response to the motion to reconsider. On September 5, 2019, the court denied petitioners' motion to reconsider. Four days later, Nicholas D. filed a motion to set additional attorney fees pursuant to Rule 137 and attached an affidavit of fees related to petitioners' motion to reconsider. After an August 2020 hearing, the court entered an additional judgment in favor of Nicholas D. and against petitioners in the amount of $390.

¶ 3        Petitioners appeal, asserting the circuit court erred by (1) not holding an evidentiary hearing on Steven B.'s and Nicholas D.'s requests for attorney fees under Rule 137, (2) awarding Steven B. and Nicholas D. attorney fees under Rule 137, (3) awarding attorney fees for legal work done on another case, and (4) granting Nicholas D.'s motion for additional fees. Additionally, both Steven B. and Nicholas D. ask this court to impose additional sanctions on petitioners under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994). We affirm and decline to impose Rule 375 sanctions.

¶ 4                              I. BACKGROUND

¶ 5        Count I of the November 2018 guardianship petition alleged Paige B. was awarded custody of H.D. in Champaign County case No. 08-D-40 and both of H.D.'s parents had voluntarily relinquished custody of H.D. to petitioners. (In March 2019, Champaign County case No. 08-D-40 was transferred to Douglas County and became Douglas County case No. 19-D-24.) The petition contended it was in H.D.'s best interest to have a guardian of the person appointed and petitioners agreed to act as guardian if appointed. Count II of the guardianship petition asserted Douglas County case No. 17-D-49 was currently pending and an agreed order

- 2 -

regarding temporary parenting time was entered on October 1, 2018, as to I.B. It further alleged I.B.'s parents had voluntarily relinquished physical custody of I.B. to petitioners and it was in I.B.'s best interest to have a guardian of the person appointed. Petitioners agreed to act as I.B.'s guardian if appointed.

¶ 6         In December 2018, Nicholas D. filed a motion to dismiss the guardianship petition asserting petitioners lacked standing to seek guardianship and requesting attorney fees. Petitioners did not file a response to Nicholas D.'s motion to dismiss. Steven B. entered his appearance. Also, in December 2018, petitioners filed a petition to determine the existence of a parent-child relationship between Steven B. and I.B. since Steven B. and Paige B. were not married at the time of I.B.'s birth and Steven B. was not named on I.B.'s birth certificate. The petition also asserted Paige B. had repeatedly asserted Steven B. was not I.B.'s father.

¶ 7         On March 1, 2019, petitioners filed a motion for voluntary dismissal, seeking dismissal without prejudice of their guardianship petition. On March 11, 2019, the circuit court held a hearing on the motion for voluntary dismissal. The other parties did not object to the motion. The court allowed the motion subject to the issue of reimbursement of attorney fees; gave Nicholas D.'s and Steven B.'s attorneys until April 1, 2019, to file a statement of attorney fees; and gave petitioners' counsel until April 15, 2019, to file any responsive pleading.

¶ 8         In his motion for attorney fees, Nicholas D. asserted petitioners were aware he had not given up his interest in H.D. when they filed their guardianship action. He also noted the petition asserted Paige B. had given up her interest in caring for H.D. but later petitioners' counsel became Paige B.'s attorney in the divorce proceedings. Nicholas D. argued it was unethical for petitioners' counsel to assert Paige B. was an unfit parent in the guardianship petition and then represent Paige B. in the divorce proceedings and seek to intervene in the

divorce on behalf of the petitioners. He also noted petitioners did not appear in court on January 31, 2018, which caused unnecessary delay and costs to Nicholas D. He also suffered additional costs and fees when petitioners dismissed their claims 10 days before the next court date of March 11, 2019, and by filing the petition in Douglas County rather than Champaign County where the divorce was originally filed. Nicholas D. requested $1398.50 in attorney fees.

¶ 9        In his petition for reimbursement of attorney fees and costs, Steven B. asserted petitioners alleged in the guardianship petition they had physical custody of I.B. However, Paige B. later made representations to the court contradicting petitioners' allegation with no rebuttal from petitioners. He also alleged petitioners' allegation I.B.'s parents voluntarily relinquished physical custody of I.B. was absolutely false as to him. Steven B. asserted petitioners knew or should have known that allegation was false because the record in Douglas County case No. 17-D-49 was a publicly accessible file and showed Steven B. requested expanded visitation and physical custody of I.B. in a motion filed on November 15, 2018. Steven B. further alleged, when comparing the guardian *ad litem* report in case No. 17-D-49 with the pleadings in this case and also with other pleadings in the divorce case, it appeared the guardian *ad litem* was deliberately misinformed about who was caring for I.B. at the time the report was prepared. He also asserted petitioners lacked standing to bring their guardianship petition as alleged in the motion to dismiss the guardianship petition. Additionally, Steven B. argued petitioners' petition to determine the existence of a parent-child relationship was false in that petitioners knew or should have known about prior genetic testing showing Steven B. was I.B.'s father. He asserted the guardianship petition and the petition to determine the existence of a parent-child relationship were not well-grounded in law and were interposed to harass and/or cause unnecessary delay in the divorce proceedings. Steven B. requested $2707.16 in attorney fees.

¶ 10    Petitioners were given 14 days to file a responsive pleading to the requests for attorney fees but did not file one.

¶ 11    On April 30, 2019, the circuit court held a hearing on the requests for attorney fees. In his argument, petitioners' counsel first asserted an evidentiary hearing was required. He then referred to facts in the divorce case No. 17-D-49. After hearing the parties' arguments, the court found both Nicholas D. and Steven B. were entitled to the requested attorney fees. The court noted petitioners had to show the parents of the minor children were unfit or for some other reason unable to provide for the daily care and control of the minor children. It found a cursory review of the docket entries alone in each of the divorce cases would show each of the fathers was paying child support and had a visitation schedule. In fact, both fathers were trying to get their visitation expanded. The court also found petitioners knew or should have known Steven B. was the father of I.B. because Paige B. would have known and is related to one of the petitioners. The court concluded the fathers had satisfied the requirements of Rule 137.

¶ 12    Petitioners filed a timely motion to reconsider, asserting the circuit court erred by (1) not holding an evidentiary hearing, (2) finding petitioners' petition to determine the existence of a parent-child relationship was interposed for an improper purpose, and (3) awarding Steven B. $575 in attorney fees unrelated to the guardianship case. Nicholas D. filed a response to the motion to reconsider, requesting the court deny the motion to reconsider and grant additional attorney fees. Steven B. did not file a response to the motion to reconsider. After a September 5, 2019, hearing, the court denied petitioners' motion to reconsider.

¶ 13    On September 9, 2019, Nicholas D. filed a motion to set additional attorney fees under Rule 137, requesting an additional $390 in attorney fees. On October 4, 2019, petitioners filed a notice of appeal. On June 26, 2020, this court dismissed petitioners' appeal as premature

because Nicholas D.'s motion for additional fees was still pending in the circuit court. *In re Guardianship of H.D.*, No. 4-19-0719 (June 26, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 14         On August 4, 2020, the circuit court held a hearing on Nicholas D.'s motion for additional fees. After hearing the parties' arguments, the court granted Nicholas D.'s motion for additional fees.

¶ 15         On September 4, 2020, petitioners filed a notice of appeal in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Thus, this court has jurisdiction of the appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 16                                    II. ANALYSIS

¶ 17         On appeal, petitioners challenge the circuit court's award of attorney fees pursuant to Rule 137 to the fathers of the minor children in this guardianship case.

¶ 18                                 A. Threshold Issue

¶ 19         The threshold issue in this case is what was properly before the circuit court when it ruled on Steven B.'s and Nicholas D.'s requests for attorney fees under Rule 137. In their brief, petitioners contend the circuit court's analysis is limited to the two pleadings they filed in the guardianship case before they moved to dismiss their guardianship petition. We disagree.

¶ 20         Throughout the life of this case, all of the parties and the judge made references to the divorce proceedings involving Paige B. and Steven B. (Douglas County case No. 17-D-49) and Paige B. and Nicholas D. (Champaign County case No. 08-D-40 and later Douglas County case No. 19-D-24). In fact, petitioners themselves note both divorce proceedings in their guardianship petition. Nicholas D.'s memorandum of law in support of his motion to dismiss indicates petitioners filed a motion to intervene in his divorce case. Additionally, the circuit

- 6 -

court judge in the guardianship case was also the judge in Paige B. and Steven B.'s divorce proceedings and became the judge in Paige B. and Nicholas D.'s divorce proceedings right after granting the request for attorney fees. In Steven B.'s and Nicholas D.'s requests for attorney fees and at the hearing on their requests, they made numerous references to their respective divorce cases. Petitioners did not file a written response to the requests for fees and referred to the divorce cases in their argument at the April 30, 2019, hearing. The circuit court mentioned the petitioners' motions to intervene in both divorce proceedings and the docket sheets from the divorce cases. Thus, since petitioners acquiesced to the consideration of the proceedings in the divorce cases, petitioners cannot now claim the circuit court's actions constituted error under the invited-error doctrine. *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918, ¶ 36, 131 N.E.3d 1094. As such, this court will consider the materials in the divorce cases referenced by the circuit court and the parties.

¶ 21                               B. Evidentiary Hearing

¶ 22          Petitioners contend the circuit court erred by not conducting an evidentiary hearing on both the merits of Nicholas D.'s and Steven B.'s motion for attorney fees under Rule 137 and the amount of attorney fees sought by them. Both Nicholas D. and Steven B. assert petitioners forfeited their argument regarding the amount of the attorney fees by failing to file a responsive pleading. They also assert an evidentiary hearing on the motion for attorney fees was not necessary in this case. Petitioners disagree.

¶ 23          Generally, an evidentiary hearing is necessary for the circuit court to determine (1) if any untrue statement within a pleading was made without reasonable cause and (2) the reasonableness of the attorney fees to be awarded. However, if the court can make that determination on the basis of the pleadings, trial evidence, or other matters appearing in the

record, then an evidentiary hearing is not warranted. *Hess v. Loyd*, 2012 IL App (5th) 090059, ¶ 26, 964 N.E.2d 699; *Olsen v. Staniak*, 260 Ill. App. 3d 856, 862, 632 N.E.2d 168, 174 (1994). Moreover, when a sanction award is due to the unreasonable nature of the pleading based on an objective standard, an evidentiary hearing is unnecessary. *Hess*, 2012 IL App (5th) 090059, ¶ 26. As to the reasonableness of the attorney fees, the circuit court has the discretion to accept unrebutted affidavits of counsel as to fees without an evidentiary hearing. *Hess*, 2012 IL App (5th) 090059, ¶ 26. "An evidentiary hearing is not always necessary in order to determine reasonable attorney fees if the trier of fact can determine a reasonable amount from the evidence presented, '*including a detailed breakdown to fees and expenses*,' and the party opposing the award is not denied an opportunity to present evidence." (Emphasis in original.) *Williams Montgomery & John Ltd. v. Broaddus*, 2017 IL App (1st) 161063, ¶ 49, 91 N.E.3d 915 (quoting *Kroot v. Chan*, 2017 IL App (1st) 162315, ¶ 37, 89 N.E.3d 778).

¶ 24                    1. *Reasonable Nature of the Pleadings*

¶ 25           In his petition for attorney fees pursuant to Rule 137, Nicholas D. contended petitioners' guardianship petition was frivolous and not supported by law or fact. In his petition, Steven B. asserted (1) the guardianship petition contained false statements and petitioners lacked standing to file it, (2) the guardian *ad litem* in the divorce case was deliberately misinformed of who was caring for I.B., and (3) petitioners' petition to determine the existence of a parent-child relationship was false. Petitioners argue an evidentiary hearing was needed on the allegations because lack of standing is not evident from just reviewing the petition and is a fact dependent determination. We note petitioners did not assert an evidentiary hearing was needed in this case until their counsel's responsive arguments at the April 30, 2019, hearing. The better practice would have been to raise it when the hearing was set or in a responsive pleading to the requests

for attorney fees. At a minimum, petitioners should have objected when the circuit court indicated it would only hear the parties' arguments at the beginning of the hearing. Moreover, contrary to their arguments in their brief, petitioners' counsel never specifically requested to present evidence at the April 30, 2019, hearing. He just noted in his argument the matter required an evidentiary hearing.

¶ 26　　　　　Regardless, in addition to the pleadings in the guardianship case, the court files in the two divorce cases were also before the circuit court. Petitioners were aware of the divorces when they filed their guardianship petition, and thus the files showed what petitioners had knowledge of when they filed the guardianship petition. Moreover, as explained later in our analysis, the circuit court's attorney fees award may be affirmed on the basis the pleadings were not well-grounded in fact. Thus, we need not apply the general rule the court should always hold an evidentiary hearing when a sanction award is based upon a pleading filed for an improper purpose. See *Hess*, 2012 IL App (5th) 090059, ¶ 26. Accordingly, we agree with Nicholas D. and Steven B. the circuit court had sufficient evidence to rule on their requests for attorney fees under Rule 137 without holding an evidentiary hearing.

¶ 27　　　　　　　　　　2. *Reasonableness of the Fees*

¶ 28　　　　　Nicholas D.'s and Steven B.'s attorneys both provided lists with the date, a brief description of the attorney's work, the amount of time spent on the work, and the total cost for the work. Petitioners did not file a written response to the request for attorney fees. They also did not raise any specific objections at the April 30, 2019, hearing to the listed fees or ask to present evidence on the requested attorney fees. Moreover, contrary to petitioners' argument on appeal, petitioners did not assert at the hearing on the request for fees an evidentiary hearing was needed on the reasonableness of the fees. They also did not specifically assert an evidentiary

- 9 -

hearing should have been conducted on the reasonableness of the fees in their motion to reconsider. Accordingly, petitioners have forfeited this issue by failing to raise it in the circuit court. Regardless of forfeiture, we find Nicholas D. and Steven B. provided the circuit court with sufficient evidence to substantiate the attorney fees awarded by the court. See *Singer v. Brookman*, 217 Ill. App. 3d 870, 880, 578 N.E.2d 1, 7 (1991) (finding the amount of attorney fees awarded by the trial court without an evidentiary hearing to the defendant as Rule 137 sanctions was not unreasonable and was properly determined after receiving "a detailed breakdown of fees and expenses" by the defendant's counsel). Also, petitioners did not request to present evidence on the reasonableness of the proposed attorney fees. As such, an evidentiary hearing was not warranted on the reasonableness of the fees in this case.

¶ 29                             C. Rule 137 Sanctions

¶ 30        Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018) provides, in pertinent part, the following:

> "Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court,

upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee."

Thus, the plain language of Rule 137 authorizes a court to impose sanctions against a party or counsel for filing a motion or pleading which is (1) not well-grounded in fact; (2) not supported by existing law or lacks a good-faith basis for the modification, reversal, or extension of the law; or (3) interposed for any improper purpose. *McCarthy v. Taylor*, 2019 IL 123622, ¶ 18, 155 N.E.3d 359.

¶ 31      "The purpose of Rule 137 is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions ***." *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 285-86, 746 N.E.2d 254, 271 (2001); see also *In re Estate of Wernick*, 127 Ill. 2d 61, 77, 535 N.E.2d 876, 883 (1989) (noting the purpose of section 2-611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, ¶ 2-611), the predecessor to Rule 137, was to "penalize the litigant who pleads frivolous or false matters, or who brings a suit without any basis in the law"). In other words, Rule 137 is to prevent the filing of false and frivolous lawsuits. *McCarthy*, 2019 IL 123622, ¶ 19. When considering whether to impose sanctions under Rule 137, the "attorney's conduct must be judged by an objective standard." *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 48, 123 N.E.3d 1271. The party requesting the imposition of Rule 137 sanctions bears the burden of proof. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 243, 732 N.E.2d 1129, 1134 (2000). Since Rule 137 is penal in nature, we must strictly construe it.

*Enbridge Pipeline*, 2019 IL App (4th) 150544-B, ¶ 48.

¶ 32    Additionally, this court will reverse the circuit court's imposition of Rule 137 sanctions only if the circuit court abused its discretion. *Enbridge Pipeline*, 2019 IL App (4th) 150544-B, ¶ 49. The appellate court utilizes that deferential standard, in part, because the conduct at issue occurred before the circuit court, which is then in the best position to determine whether the conduct warranted sanctions. *Enbridge Pipeline*, 2019 IL App (4th) 150544-B, ¶ 49. A circuit court "abuses its discretion when no reasonable person would agree with its decision." *Enbridge Pipeline*, 2019 IL App (4th) 150544-B, ¶ 49. Also, a reviewing court may affirm the circuit court's imposition of sanctions for any basis in the record. *Enbridge Pipeline*, 2019 IL App (4th) 150544-B, ¶ 49.

¶ 33    The issue of whether a nonparent has standing to petition for guardianship is governed by section 11-5(b) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/11-5(b) (West 2018)). See *In re Estate of K.E.S.*, 347 Ill. App. 3d 452, 466, 807 N.E.2d 681, 692 (2004) (indicating section 11-5(b) governs nonparent standing in original guardianship proceedings). Section 11-5(b) states, in pertinent part, the following:

> "The court lacks jurisdiction to proceed on a petition for the appointment of a
> guardian of a minor if it finds that (i) the minor has a living parent, adoptive
> parent or adjudicated parent, whose parental rights have not been terminated,
> whose whereabouts are known, and who is willing and able to make and carry out
> day-to-day child care decisions concerning the minor, unless: (1) the parent or
> parents voluntarily relinquished physical custody of the minor; (2) after receiving
> notice of the hearing under Section 11-10.1 [of the Probate Act (755 ILCS
> 5/11-10.1 (West 2018)], the parent or parents fail to object to the appointment at

the hearing on the petition; or (3) the parent or parents consent to the appointment as evidenced by a written document that has been notarized and dated, or by a personal appearance and consent in open court; or (ii) there is a guardian for the minor appointed by a court of competent jurisdiction. There shall be a rebuttable presumption that a parent of a minor is willing and able to make and carry out day-to-day child care decisions concerning the minor, but the presumption may be rebutted by a preponderance of the evidence." 755 ILCS 5/11-5(b) (West 2018). Accordingly, the statute provides that, if the petitioner lacks standing, the circuit court lacks jurisdiction to proceed on the guardianship petition. *In re A.W.*, 2013 IL App (5th) 130104, ¶ 14, 994 N.E.2d 726.

¶ 34        In their guardianship petition, petitioners asserted the minor children's parents had voluntarily relinquished physical custody of the minors to the petitioners. However, physical custody of a minor is not determined based on physical possession of that minor at the time the guardianship petition is filed. See *In re Custody of M.C.C.*, 383 Ill. App. 3d 913, 917, 892 N.E.2d 1092, 1096 (2008) (addressing the grandmother's standing to file a petition for custody and adoption of the minor child). In *In re Custody of Peterson*, 112 Ill. 2d 48, 51, 491 N.E.2d 1150, 1151 (1986), the minor child's parents divorced with both parents being found fit and custody awarded to the mother with the father receiving reasonable visitation. The mother became terminally ill and lived with her parents who assisted in the care of the minor child while the father regularly exercised his visitation. *Peterson*, 112 Ill. 2d at 51, 491 N.E.2d at 1151. Upon the mother's death, the maternal grandparents sought custody of the minor child under section 601(b)(2) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, ¶ 601(b)(2)). *Peterson*, 112 Ill. 2d at 50-51, 491 N.E.2d at 1151. Our supreme court held

the father had physical custody of the minor child upon the mother's death and found the grandparents lacked standing.

¶ 35    Later, in *In re Marriage of Gustafson*, 181 Ill. App. 3d 472, 477, 536 N.E.2d 1359, 1361 (1989), this court addressed physical custody and standing when the maternal grandparents sought custody under section 601(b)(2) after their daughter, the custodial parent, surrendered her custodial possession of her child to her parents. We recognized the validity of the circuit court's emphasis on the importance of the dissolution court's sole jurisdiction to change physical custody. *Gustafson*, 181 Ill. App. 3d at 479, 536 N.E.2d at 1362. This court also noted "[t]he *Peterson* case recognizes the inherent paramount right of a natural parent." *Gustafson*, 181 Ill. App. 3d at 479, 536 N.E.2d at 1362. We then found "a parent determined fit, who has maintained reasonable visitation and interest, should have the same rights whether the parent awarded custody dies or abandons the child or children." *Gustafson*, 181 Ill. App. 3d at 479, 536 N.E.2d at 1362. Ultimately, this court found the grandparents lacked standing and noted the grandparents did not assert the father was unfit or acquiesced to them having physical custody of the child. *Gustafson*, 181 Ill. App. 3d at 479, 536 N.E.2d at 1363.

¶ 36    In this case, Steven B. and Paige B.'s divorce proceedings were ongoing, and they had a temporary parenting agreement. On November 15, 2018, Steven B. filed an emergency petition to modify the amended agreed order regarding temporary parenting time. In Nicholas D. and Paige B.'s divorce case, Nicholas D. had filed both a motion to modify parenting time and decision making and a motion to enjoin moving in September 2018. Thus, as in *Gustafson*, the fathers of both minor children were fit and exercising their parental rights. Moreover, in this case, the fathers were attempting to expand their parental rights. Thus, the docket sheets in the divorce proceedings show Steven B. and Nicholas D. had not relinquished physical custody of

their respective minor child when petitioners stated in their guardianship petition the fathers had relinquished physical custody of their respective minors. Petitioners were clearly aware of the divorce proceedings when they filed their guardianship petition because the proceedings were mentioned in the petition for guardianship and petitioners had filed a motion to intervene in Nicholas D. and Paige B.'s divorce case. As such, petitioners knew or should have known the fathers had not relinquished physical custody of their respective minor child. Thus, petitioners' guardianship petition was not well-grounded in fact. Moreover, since the fathers had not relinquished physical custody of their respective minor child, the guardianship petition was not warranted based on existing law.

¶ 37 Additionally, Steven B. also sought sanctions based on petitioners' petition to determine the existence of a parent-child relationship which they filed in December 2018 in the guardianship case. Steven B. and Paige B.'s divorce proceedings commenced in August 2017, and they had a temporary parenting agreement regarding their minor child. Nothing in the docket sheets contains anything questioning Steven B.'s paternity of the minor child over the 15 months before the filing of the petition to determine the existence of a parent-child relationship. Thus, the petition for the existence of a parent-child relationship was also not well-grounded in fact.

¶ 38 Accordingly, we find the circuit court did not abuse its discretion in ordering petitioners to pay attorney fees under Rule 137.

¶ 39 D. Amount of Attorney Fees

¶ 40 To the extent petitioners challenge the amount of the attorney fees awarded to Steven B., we find their challenge forfeited. As stated earlier, petitioners did not file a written response to the requests for attorney fees and did not raise any specific objections at the April 30,

2019, hearing to the listed fees. Even in their motion to reconsider, they only challenged $575 of the $700 of attorney fees that they now challenge on appeal. Here, petitioners had ample opportunity to contest the reasonableness of the attorney fees presented by Steven B. before the circuit court's April 30, 2019, award of attorney fees but failed to do so. As such, their argument contesting a portion of the amount of the attorney fees awarded is forfeited. See *In re Application of Cook County Collector*, 144 Ill. App. 3d 604, 611, 494 N.E.2d 536, 541 (1986) (finding the petitioner forfeited his argument the amount of attorney fees award was excessive by not raising it until his postjudgment motion to vacate).

¶ 41                          E. Nicholas D.'s Request for Additional Fees

¶ 42          Petitioners further contend the circuit court abused its discretion by awarding Nicholas D. additional attorney fees related to their motion to reconsider.

¶ 43          As previously noted, when a pleading violates Rule 137, the court "may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). In this case, the pleading that violated Rule 137 was the guardianship petition initiating the litigation. Thus, arguably all legal work done in the guardianship case by the fathers' attorneys was reasonable attorney fees incurred because of the filing of the guardianship petition that violated Rule 137. Without citation to authority and with little argument, petitioners assert a party should not be required to pay additional attorney fees for contesting the imposition of sanctions by filing a well-found motion pointing out the circuit court errors. Thus, we find petitioners have failed to establish the circuit court abused its discretion by awarding Nicholas D. additional attorney fees.

¶ 44                           F. Requests for Attorney Fees on Appeal

¶ 45          In their briefs, both Nicholas D. and Steven B. ask this court to award them attorney fees and costs for petitioners' appeal in this case under Illinois Supreme Court Rule 375(b) (eff. Feb. 4, 1994), which provides:

> "If, after consideration of an appeal or other action pursued in a reviewing court, it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose, an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties. An appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. An appeal or other action will be deemed to have been taken or prosecuted for an improper purpose where the primary purpose of the appeal or other action is to delay, harass, or cause needless expense."

The imposition of sanctions under Rule 375(b) is left strictly to the reviewing court's discretion. *Goldfarb v. Bautista Concrete, Inc.*, 2019 IL App (1st) 172968, ¶ 20, 126 N.E.3d 516.

¶ 46          Nicholas D. asserts the appeal was filed to delay, harass, and increase attorney fees and costs because, even if petitioners were successful on appeal, the result would be to remand the case for an evidentiary hearing which would presumably cost them many times more than the attorney fees already awarded by the circuit court. Steven B. contends the recovery of sanctions has been improperly delayed by petitioners filing their appeal and notes the absence of

factual or legal argument in favor of petitioners' position. Petitioners assert they had a good faith basis for their appeal. While petitioners' appeal is unsuccessful, we do not find it sanctionable. Given the circuit court could have been clearer in indicating it was taking judicial notice of the divorce proceedings and in its reasoning for imposing sanctions, we will not say petitioners should have known their arguments could not and would not carry the day. We also do not find the appeal was brought in bad faith or to harass, delay, or unnecessarily increase litigation costs by initiating this appeal. Accordingly, sanctions would be improper. See *Enbridge Energy (Illinois), L.L.C. v. Kuerth*, 2018 IL App (4th) 150519-B, ¶ 72, 99 N.E.3d 210 (stating Rule 375(b) sanctions are penal in nature and should only be applied to cases falling strictly within the language of the rule). Thus, we decline to impose sanctions against petitioners.

¶ 47                                    III. CONCLUSION

¶ 48            For the reasons stated, we affirm the Douglas County circuit court's judgment.

¶ 49            Affirmed.